[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
This is a declaratory judgment action brought by the plaintiff in a separate action for wrongful death. The defendants are the driver of a truck allegedly causing injury, the company he (and the deceased) worked for, and the automobile insurer of the defendant company. The parties agree that the plaintiff has brought an action in Connecticut arising from an accident occurring in Connecticut, that action has been brought against the driver and the employer. Commercial Union, it has been agreed, is defending that action under a reservation of rights. The instant action seeks a declaratory judgment regarding coverage.
The defendant Commercial Union has moved to dismiss the action on the ground that there is no personal jurisdiction as to the driver Hathaway; therefore, the argument goes, there is no subject matter jurisdiction for a declaratory judgment. Alternatively, Commercial Union suggests that the action ought to be dismissed on the ground of forum non conveniens.
The plaintiff, the driver and the employer corporation are all residents of Massachusetts. The underlying accident occurred in Connecticut, as noted above. Commercial Union and Shipsview CT Page 1108 Corporation, the employer, apparently do business in the state of Connecticut and no issue has been raised as to jurisdiction over their persons. So far as the record shows, Hathaway, the defendant driver, has no connection with this state other than that he was working in this state at the time of the accident.
It is apparently conceded by the plaintiff that Hathaway, the driver, is an indispensable party for purpose of the declaratory judgment action, so that the action must be dismissed unless personal jurisdiction as to him has been properly acquired. SeeNapoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216 (1996). The plaintiff has advanced two theories regarding jurisdiction: §§ 52-59b(2) and 52-62(a) both, it is maintained, confer personal jurisdiction.
Section 52-59b(2) provides that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who . . . commits a tortious act within the state. . . ." I am not persuaded that this section confers personal jurisdiction over Hathaway, as this declaratory judgment action does not arise, except tangentially, from the tortious act he allegedly committed in this state. The wrongful death action, by comparison, probably does arise from the allegedly tortious act.
I am persuaded, however, that § 52-62(a) confers long arm jurisdiction. This section provides that "[a]ny nonresident of this state who causes a motor vehicle to be used or operated . . . in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him onaccount of any claim for damages resulting from the alleged negligence of the nonresident . . . in the use or operation of any motor vehicle . . . in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally." (Emphasis added). This provision more clearly provides that jurisdiction may be obtained for an action a step removed from the operation of the automobile, as a declaratory judgment may well be an action brought on account of the claim for damages.
Whether personal jurisdiction exists is largely academic, however, as I am persuaded that the action ought to be dismissed on the ground of forum non conveniens. A court may choose not to CT Page 1109 exercise jurisdiction, even where it conceptually exists, if another forum is better able to "serve the convenience of the parties and the ends of justice." Union Carbide Corporation v.Aetna Casualty Surety Company, 212 Conn. 311, 319 (1989). InUnion Carbide our Supreme Court adopted the criteria for determining the appropriate forum which were set out in Gulf OilCorp. v. Gilbert, 330 U.S. 501, 508-09 (1947). I have reviewed all of the criteria approved in Union Carbide and find that the balance tips overwhelmingly toward deferring to Massachusetts as the appropriate forum. There is little need to discuss each factor, as most of the considerations are obvious. Suffice it to say that the dispute in this action will be resolved by application of Massachusetts law and all of the parties and, presumably, witnesses are residents of Massachusetts. Although I am not troubled by docket congestion, I would note that the declaratory judgment action would most likely not be decided at the same time as the wrongful death action, as the former action would inject facts which would likely be irrelevant, prejudicial and perhaps inflammatory into the wrongful death action, so little overall judicial economy would be promoted by the retention of this action.
The motion to dismiss is granted.
Beach, J.